IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREEMAN CAWTHON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0267-N |
| | § | |
| PUBLIC STORAGE, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Freeman Cawthon, a Texas citizen, against a Texas

public storage company and two of its employees.  On February 11, 2009, plaintiff tendered a one-

page handwritten complaint to the district clerk and filed an application to proceed *in forma*

*pauperis*.  Because the information provided by plaintiff in his pauper's affidavit indicates that he

lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis*

and allowed the complaint to be filed.  Written interrogatories then were sent to plaintiff to obtain

additional information regarding the basis for federal subject matter jurisdiction.  Plaintiff answered

the interrogatories on April 2, 2009.   The court now determines that this case should be summarily

dismissed for lack of subject matter jurisdiction.

II.

Although his pleadings are difficult to decipher, plaintiff appears to allege that Public Storage, Inc. and two of its employees, identified only as "Mel" and "Mark," conspired to commit fraud, extortion, and theft by refusing to allow him to retrieve his property from a self-storage unit. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1, 8). Plaintiff also takes issue with the amount of rent charged by defendants for storing his property. (*See* Mag. J. Interrog. #1). By this suit, plaintiff seeks unspecified damages. (*See id.* #5).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. When asked to explain the basis for federal subject matter jurisdiction, plaintiff responded, "I were that it could not be handel [sic] by outher [sic] it were sivclev [sic]." (Mag. J. Interrog. #6). This unintelligible response does not state a claim arising under the Constitution, laws, or treaties of the United States. Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and at least two defendants, "Mel" and "Mark," are citizens of Texas. (*See* Mag. J. Interrog. #8). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d

274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 8, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  The disposition of this case does not preclude plaintiff from suing defendants in Texas state court.